# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

CHERYL GIBBS,

                              Plaintiff,

        -v-

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                              Defendant.

AMENDED ORDER
07 CV 10563 (GBD)(AJP)

GEORGE B. DANIELS, District Judge:

       Pro se plaintiff Cheryl Gibbs brings this action pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security ("the Commissioner") denying plaintiff disability insurance benefits and supplemental security income benefits. The Commissioner moved for judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c). The Court referred the matter to Magistrate Judge Andrew J. Peck for a Report and Recommendation. Magistrate Judge Peck issued a Report and Recommendation ("Report") recommending that the Commissioner's motion for judgment on the pleadings be granted.

       The Court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within the Report. 28 U.S.C. § 636(b)(1). When there are objections to the Report, the Court must make a de novo determination of those portions of the Report to which objections are made. Id.; see also Rivera v. Barnhart, 432 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The district judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. See Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(c). It is not required, however, that the Court conduct a de novo hearing on the matter. See United States v. Raddatz, 447 U.S. 667, 676 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. Nelson v. Smith, 618 F.Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619,

620 (5th Cir. 1983)). When no objections to a Report are made, the Court may adopt the Report if "there is no clear error on the face of the record." Adee Motor Cars, LLC v. Amato, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

Magistrate Judge Peck found that plaintiff's pro se complaint is conclusory, and insufficient to defeat the Commissioner's motion for judgment on the pleadings. He also noted that plaintiff failed to file any brief or affidavit opposing the Commissioner's motion. (Report at 34.) Moreover, the magistrate judge found that even applying the five step sequence to plaintiff's claims, "Commissioner's decision that [plaintiff] was not disabled" within the meaning of the Social Security Act "is supported by substantial evidence." (Report at 35.) Magistrate Judge Peck properly determined that there was "[s]ubstantial medical and functional capacity evidence support[ing]" the ALJ's determination that plaintiff would be able to perform her past sedentary work as a customer service representative, as well as other available sedentary work. (Report at 51.)

In his report, Magistrate Judge Peck advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Neither party filed objections to the Report and the time to do so has expired. After carefully reviewing the Report, the Court finds that the report is not facially erroneous. Accordingly, the Court adopts the Report and for the reasons stated therein, the Commissioner's motion for judgment on the pleadings is granted.

Dated: November 3, 2008
New York, New York

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

2